IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MAURICE LAVON COOPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 24-239-GBW |
| | ) | |
| MAUREEN MCCARTNEY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM ORDER**

At Wilmington, this 15th day of April 2025, Plaintiff Maurice Lavon Cooper, an inmate at James T. Vaughn Correctional Center in Smyrna, Delaware, having initiated this civil action *pro se* (D.I. 1-4), having been granted leave to proceed *in forma pauperis* (D.I. 5, 14), and having filed the now-operative Second Amended Complaint (D.I. 20);

WHEREAS the Second Amended Complaint (D.I. 20) asserts, pursuant to 42 U.S.C. § 1983, that Defendants—four federal prosecutors, three federal agents, and one confidential informant—violated Plaintiff's Fourth, Fifth, Eighth, and Fourteenth Amendment rights by way of civil conspiracy, defamation, false arrest, and malicious prosecution during criminal investigation and prosecution between June 6, 2017, and July 7, 2022, leading to Plaintiff's conviction and sentence;

WHEREAS the Court accepts all factual allegations in the Second Amended Complaint as true and views them in the light most favorable to Plaintiff, *see Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008), while liberally construing Plaintiff's *pro se* pleading and holding the Second Amended Complaint "to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007);

WHEREAS the Court properly dismisses proceedings *in forma pauperis* under the screening provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief," *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted);

WHEREAS, to state a claim upon which relief may be granted, a complaint must contain more than labels and conclusions, *see Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and it must allege facts sufficient to show that Plaintiff's claims have substantive plausibility, *see Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam), and the Second Amended Complaint (D.I. 20) is devoid of factual allegations which would support Plaintiff's conclusions of civil conspiracy, defamation, false arrest, malicious prosecution, and civil rights violations by Defendants;

WHEREAS federal agents and prosecutors receive qualified immunity, prosecutors receive absolute immunity "for actions performed in a judicial or 'quasi-judicial' capacity," *Odd v. Malone*, 538 F.3d 202, 208 (3d Cir. 2008), and while "functioning as the state's advocate when performing the action(s) in question," *id.*; *see also Imbler v. Pachtman*, 424 U.S. 409, 410 (1976), and four of the Defendants in this case were prosecutors functioning as the United States' advocates during all events alleged (*see* D.I. 20);

WHEREAS claims brought under § 1983 are subject to the statute of limitations for personal injury actions in the state in which the suit is brought, *see O'Connor v. City of Newark*, 440 F.3d 125, 126-27 (3d Cir. 2006), in the State of Delaware, the statute of limitations for personal injury claims is two years from the date the cause of action accrued absent tolling, *see* 10 Del. C. § 8119; *Smith v. Delaware*, 236 F. Supp. 3d 882, 888 (D. Del. 2017) (citations omitted), and accrual of a cause of action under § 1983 begins when a plaintiff "knew or should have known of the injury upon which its action is based," *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998), rendering the allegations regarding the Defendant Capitel's June 29, 2022 search warrant, which was executed on July 7, 2022, the only timely allegations in the Second Amended Complaint that specifically name a Defendant (*see* D.I. 20 at 13-14); and

3

WHEREAS a defendant in a civil rights action "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved," *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007), and a complaint must state "enough facts to render it plausible that each defendant individually has performed at least one type of" wrongful act rendering that defendant liable for the violations alleged against it, *Bench Walk Lighting LLC v. LG Innotek Co.*, 530 F. Supp. 3d 468, 488 (D. Del. 2021); *see generally* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief");

IT IS HEREBY ORDERED that the Second Amended Complaint (D.I. 20) is **DISMISSED**, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and (iii), because the Second Amended Complaint is devoid of factual allegations supporting the claims asserted and, with the exception of Defendant Capitel, all Defendants named are either immune from suit or are not alleged to have participated in, or approved of, events occurring within the statute of limitations;

IT IS FURTHER ORDERED that Plaintiff is **GRANTED** leave to file a motion to amend, with a proposed Third Amended Complaint, to remedy the deficiencies discussed above **within thirty days of the date of this Order**;

IT IS FURTHER ORDERED an attempt to amend that fails to comply with this Order **may result in dismissal with prejudice and case closure**; and

IT IS FINALLY ORDERED that the Clerk of Court is directed to **CLOSE** this case if no motion to amend is timely filed.

_____
The Honorable Gregory B. Williams
United States District Judge