**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MAURICE COOPER,<br><br>Plaintiff,<br><br>v.<br><br>AARON CAPITEL, *et. al.*,<br><br>Defendants. | C.A. No. 24-239-GBW-EGT |

## <u>MEMORANDUM ORDER</u>

Presently before the Court are the objections of Plaintiff Maurice Cooper ("Plaintiff") (D.I. 56) to the Order and Report and Recommendation of Magistrate Judge Eleanor G. Tennyson ("Judge Tennyson") (D.I. 56), in which Judge Tennyson (1) denied Plaintiff's various motions to conduct discovery (D.I. 32; D.I. 45; D.I. 46), Request for Default (D.I. 36), Motion to Amend (D.I. 44), and Motion for Reconsideration (D.I. 51), (2) granted the United States' Motion to Substitute (D.I. 50), and (3) recommends that the Court grant Defendants Aaron Capitel ("Defendant Capitel") and the United States' (together, "Defendants") Motion to Dismiss (D.I. 40) and Plaintiff's Motion for Default Judgment (D.I. 39) be denied. Plaintiff has lodged various objections to the Order and Report and Recommendation. (D.I. 56). For the reasons set forth below, Plaintiff's objections (D.I. 56) are OVERRULED and Judge Tennyson's Order and Report and Recommendation (D.I. 55) is ADOPTED. Defendants' Motion to Dismiss is GRANTED and Plaintiff's Motion for Default Judgment is DENIED.

# I. BACKGROUND

## A. Factual Background

The Third Amended Complaint alleges the following facts. On July 7, 2022, at around 8:30 a.m., Defendant Capitel and others opened Plaintiff's cell and yelled "search warrant," and commanded Plaintiff and his cellmate to "[l]ay on your bed face down and don't move." (D.I. 24 ¶ 7). Plaintiff ordered an unknown prison official to "search them first," but otherwise complied with all demands made by Defendant Capitel and the unknown prison official, which included removing his clothing "slowly," spreading his "butt cheeks" and running Plaintiff's hands through his own dread locks. (*Id.*). Plaintiff was then led out of his cell and placed in a locked shower. (*Id.*). Defendant Capitel and the unknown prison official reentered Plaintiff's cell with a video camera and placed Plaintiff's belongings on a cart and left. (*Id.*). Plaintiff was then returned to his cell, which was in "total disarray." (*Id.*).

Later on July 7, 2022, between 12:00-12:45 p.m., Plaintiff's belongings were returned to his cell with a copy of the search warrant, which was missing an affidavit of probable cause. (D.I. 24 ¶ 8). Plaintiff also contends that some items taken (and returned) were not included on the inventory list of the search warrant. (*Id.*). On July 12, 2022, Plaintiff wrote a grievance regarding the search conducted on July 7, 2022, which was returned unprocessed. (*Id.* ¶ 10).

## B. Procedural History

"On February 22, 2024, Plaintiff initiated this action by filing the original complaint, naming Defendant Capitel and several FBI agents. federal prosecutors, and an FBI informant as defendants." (D.I. 55 at 3 (citing D.I. 3)). "On March 21, 2024, Plaintiff filed the First Amended Complaint, again naming Defendant Capitel and various other FBI special agents and federal prosecutors as defendants." (*Id.* (citing D.I. 6)). "After being granted leave to amend (D.I. 19), Plaintiff filed the Second Amended Complaint on March 11, 2025, again naming Defendant

Capitel and various other FBI special agents, federal prosecutors and an FBI informant as defendants." (*Id.*). "After the Second Amended Complaint was screened under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A and dismissed (D.I. 21), Plaintiff filed the operative Third Amended Complaint on June 30, 2025 (D.I. 24), naming only Defendant Capitel as a defendant." (*Id.*). The Court "screened the Third Amended Complaint and issued service orders on July 25 and September 25, 2025." (*Id.* (citing D.I. 25 & 31)).

On July 20, 2026, the Court referred this case to Judge Tennyson "to hear and resolve all pretrial matters, up to and including the resolution of case-dispositive motions, subject to 28 U.S.C. § 636(b) and any further Order of the Court." On August 3, 2026, in light of Defendant Capitel invoking the Federal Tort Claims Act in seeking dismissal of certain state law tort claims against him, Judge Tennyson issued an Oral Order directing the United States to file a certification that Defendant Capitel's action were within the scope of his employment as an FBI agent and to seek substitution of the United States in place of Defendant Capitel for Plaintiff's state law tort claims. (D.I. 49). On August 4, 2026, the United States filed a Motion to Partially Substitute the United States for Defendant Capitel "with respect to all non-constitutional claims alleged in this action." (D.I. 50 at 1).

On August 21, 2026, Judge Tennyson issued her Order and Report and Recommendation, in which she granted the United States's Motion to Substitute and recommended granting Defendants' Motion to Dismiss. (D.I. 55). Judge Tennyson further ordered that Plaintiff's request for default and various discovery motions be denied, and recommended that Plaintiff's request for default judgment be denied. (*Id.*). On September 3, 2026, Plaintiff filed objections to Judge Tennyson's Order and Report and Recommendation. (D.I. 56). Defendants responded on September 16, 2026. (D.I. 57). The Court now turns to the merits.

## II. STANDARD OF REVIEW

In reviewing a Magistrate Judge's Report and Recommendation, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The Court may "accept, reject, or modify, in whole or in part" the Magistrate Judge's findings or recommendations. *Id.* As to those portions to which no objections have been made, the Court must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) Advisory Committee Notes; *see Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining the district court's responsibility "to afford some level of review" when no objections have been made).

Review of nondispositive pretrial matters referred to magistrate judges is governed by 28 U.S.C. § 636(b)(1)(A). *Gomez v. United States*, 490 U.S. 858, 873-74 (1989); *see also* Fed. R. Civ. P. 72(a). Under 28 U.S.C. § 636(b)(1)(A), a district court may reconsider any pretrial matter where it has been shown that the magistrate judge's order is "clearly erroneous or contrary to law." *See Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017). "This standard requires the District Court to review findings of fact for clear error and to review matters of law de novo." *Id.*

## III. LEGAL STANDARD

### A. Rule 12(b)(6) Motion to Dismiss

To state a claim on which relief can be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Such a claim must plausibly suggest "facts sufficient to 'draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Doe v. Princeton Univ.*, 30 F.4th 335, 342 (3d Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 557 (2007)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Klotz v. Celentano Stadtmauer & Walentowicz LLP*, 991 F.3d 458, 462 (3d Cir. 2021) (quoting *Iqbal*, 556 U.S. at 678). But the Court will "disregard legal conclusions and recitals of the elements of a cause of action supported by mere conclusory statements." *Princeton Univ.*, 30 F.4th at 342 (quoting *Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016)).

In evaluating a motion to dismiss, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). Rule 12(b)(6) requires the Court to "accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff." *Brady v. Static Media*, Civ. No. 23-1078-GBW, 2024 WL 4103719, at *2 (D. Del. Sep. 6, 2024). "A motion to dismiss 'may be granted only if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief.'" *McCrone v. Acme Markets*, 561 F. App'x 169, 172 (3d Cir. 2014) (quoting *Burlington Coat Factory*, 114 F.3d at 1420). The "movant bears the burden of demonstrating that the complainant failed to state a claim upon which relief may be granted." *Abbott Diabetes Care, Inc. v. DexCom, Inc.*, C.A. No. 23-239 (KAJ), 2024 WL 2804703, at *1 (D. Del. May 31, 2024).

## IV. DISCUSSION

Plaintiff objects to Judge Tennyson's Order and Report and Recommendation on four grounds. The Court will discuss each in turn.

### A. Plaintiff's Request for Default and Motion for Default Judgment

Plaintiff objects to Judge Tennyson's denial of Plaintiff's request for default and Judge Tennyson's recommendation that the Court deny Plaintiff's motion for default judgment. (D.I. 56

at 1-2). Plaintiff alleges that, because the U.S. Attorney was served on October 6, 2025, and Defendant Capitel failed to respond until December 5, 2025, there was a sixty-one-day period between when Defendant Capitel was served and when Defendant Capitel responded. In Plaintiff's view, such a delay warrants entry of default and default judgment in Plaintiff's favor.

The Court disagrees. As Judge Tennyson correctly concluded, Defendant Capitel timely responded to Plaintiff's Third Amended Complaint by filing his Motion to Dismiss (D.I. 40). (D.I. 55 at 6 (citing Fed. R. Civ. P. 23(a)(3)). Federal Rule of Civil Procedure 12(a)(3) provides that, when "[a] United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service *on the officer or employee* or service on the United States attorney, *whichever is later*." Fed. R. Civ. P. 12(a)(3) (emphasis added). In this present action, service was made on the U.S. Attorney on October 6, 2025 (D.I. 33), and service was made on Defendant Capitel on October 8, 2025 (D.I. 34). Thus, Defendant Capitel did not have to answer or otherwise respond to the Third Amended Complaint until December 7, 2025. *See* Fed. R. Civ. P. 12(a)(3). Because Defendant Capitel responded to the Third Amended Complaint on December 5, 2025 (D.I. 40), his response was timely and Judge Tennyson properly denied entry of default. Furthermore, because default was never entered, Judge Tennyson correctly concluded that default judgment is not appropriate. *Tristrata Tech., Inc. v. Med. Skin Therapy Rsch., Inc.*, 270 F.R.D. 161, 164 (D. Del. 2010) ("[A] default judgment under Rule 55(b)(2) of the Federal Rules of Civil Procedure must be preceded by an entry of default under Rule 55(a)."). Thus, this portion of the Order and Report of Recommendation is adopted and Plaintiff's Motion for Default Judgment (D.I. 39) is denied.

**B. Judge Tennyson's Westfall Order**

Plaintiff also objects to Judge Tennyson's Westfall Order. (D.I. 56 at 2). Plaintiff asserts that, when Judge Tennyson issued an Oral Order notifying the government that it must to substitute the United States for Defendant Capitel under the Federal Tort Claims Act ("FTCA") (D.I. 49), she was improperly acting as a lawyer for the government. (D.I. 56 at 2). The Court disagrees.

In Defendant Capitel's Opening Brief in support of his Motion to Dismiss, Defendant Capitel asserted that Plaintiff could only bring his non-constitutional tort claims under the FTCA, because Defendant Capitel was acting within the scope of his official conduct as an employee of the federal government. (D.I. 41 at 7-8). It is well established that "the 'Government is the only proper defendant in a case brought under the FTCA.'" *Hatten v. Bledsoe*, 782 F. App'x 91, 95 (3d Cir. 2019) (citing *CNA v. United States*, 535 F.3d 132, 138 n.2 (3d Cir. 2008)). Importantly, Plaintiff does not allege that his non-constitutional tort claims against Defendant Capitel fall within an exception to the immunity granted to officers or employees of the United States for actions undertaken within the scope of their employment. (*See* D.I. 42; D.I. 56); *see also Arunachalam v. Int'l Bus. Machines Corp.*, No. CV 20-1020-LPS, 2021 WL 7209362, at *15 (D. Del. Dec. 29, 2021) ("The Westfall Act 'accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties.'" (quoting *Osborn v. Haley*, 549 U.S. 225, 228-29 (2007))). Thus, Judge Tennyson's Oral Order, instructing the government to comply with the proper statutory scheme, was entirely proper, and Judge Tennyson was not required to recuse herself. *See Hunt v. U.S. Dep't of Veterans Affs.*, Civ. No. 18-9443 (KM/JBC), 2019 WL 1236835 (D.N.J. Mar. 14, 2019) ("No factual allegations at all are made with respect to the individuals, and *a fortiori* it is not alleged that they acted outside the scope of employment. Ordinarily, the court might simply substitute the United States for the named

defendants. There are, however, other grounds for dismissal that would apply even if the United States had been properly named.").

### C. <u>Motion to Dismiss</u>

Plaintiff next objects to Judge Tennyson's recommendation that Defendants' Motion to Dismiss be granted. Specifically, Plaintiff asserts that (1) Defendants' Motion to Dismiss should be denied as untimely, and (2) Judge Tennyson erred in considering materials outside of the Third Amended Complaint. (D.I. 56 at 3). Neither objection is persuasive.

*First*, as discussed *supra* Section IV.A, Defendants' Motion to Dismiss was timely filed. Thus, Plaintiff's first objection fails.

*Second*, Judge Tennyson recommended that Plaintiff's non-constitutional claims be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). As Judge Tennyson correctly noted, "[i]n determining whether subject matter jurisdiction exists, the district court is not limited to the face of the pleadings." (D.I. 55 at 13 n.6 (quoting *Armstrong World Indus., Inc. by Wolfson v. Adams*, 961 F.2d 405, 410 n.10 (3d Cir. 1992) (citation omitted))); *see also DiBease v. United States*, No. 23-2779, 2024 WL 4234640, at *1 n.2 (3d Cir. Sep. 19, 2024) ("In reviewing a factual challenge to subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), 'the court may consider evidence outside the pleadings.'" (quoting *U.S. ex rel. Customs Fraud Investigations, LLC v. Victaulic Co.*, 839 F.3d 242, 251 (3d Cir. 2016))). The Court agrees with Judge Tennyson and finds that Defendants' Motion to Dismiss Plaintiff's non-constitutional claims presented a factual challenge to subject matter jurisdiction and, thus, documents outside the pleadings were properly considered.

Plaintiff offers no further objection to Judge Tennyson's recommendation that Defendants' Motion to Dismiss be granted. Thus, the Court has reviewed the portion of Judge Tennyson's Order and Report and Recommendation discussing Defendants' Motion to Dismiss for which there

are no objections for clear error. Fed. R. Civ. P. 72(b) Advisory Committee Notes (The Court must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). The Court finds no clear error and agrees with Judge Tennyson's recommendation that Defendants' Motion to Dismiss should be granted for the reasons stated in her Order and Report and Recommendation. Thus, this portion of the Order and Report and Recommendation is adopted and Defendants' Motion to Dismiss is granted.

**D. Motion to Amend and Motions to Conduct Discovery**

Plaintiff also objects to Judge Tennyson's denial of Plaintiff's various motions to conduct discovery and for leave to amend the Third Amended Complaint in order to add an unknown FBI agent and five unknown correctional officers as defendants. (D.I. 56 at 1). Under the present set of facts, the Court finds that Judge Tennyson's denial of Plaintiff's Motion to Amend and various motions to conduct discovery were proper.

Specifically, Judge Tennyson found that "Plaintiff's proposed amended *Bivens* claims against Defendant Capitel and the unidentified FBI agent would be futile." (D.I. 55 at 15). As Judge Tennyson explained, Plaintiff's proposed new *Bivens* claims describe a "warrant-authorized search of Plaintiff's prison cell and accompanying strip search," which is "meaningfully different from the three cases in which the Court has implied a damages action." (D.I. 55 at 15 (cleaned up)). Furthermore, the alternative remedial structure in place (filing a complaint with the DOJ inspector general) "counsel[s] against permitting a Bivens remedy for Plaintiff's proposed amended claims." (*Id.*). Judge Tennyson also found that Plaintiff's "proposed § 1983 claims against the unidentified state correctional officers would [] be futile because they are time-barred." (*Id.* (citing *Singleton v. DA Philadelphia*, 411 F. App'x 470, 473 (3d Cir. 2011)). As Judge Tennyson identified, Plaintiff's proposed § 1983 claims began to accrue in July 2022, and none of Plaintiff's former pleadings "named the unidentified state correctional officers as defendants." (*Id.*

at 16). Importantly, Plaintiff does not object to Judge Tennyson's findings and conclusions in regard to his *Bivens* claim against Defendant Capitel, nor does Plaintiff challenge Judge Tennyson's conclusion that his proposed § 1983 claims against the unidentified state correctional officers are time barred. (*See* D.I. 56 at 3). Thus, the Court finds that Plaintiff's Motion to Amend would be futile, and Plaintiff's objections to Judge Tennyson's denial of Plaintiff's various motions to conduct discovery and for leave to amend the Third Amended Complaint are overruled.

## V. CONCLUSION

For the reasons stated above, Plaintiff's Objections to Judge Tennysons's Order and Report and Recommendation (D.I. 56) are OVERRULED and Judge Tennyson's Order and Report and Recommendation is ADOPTED. Plaintiff's Request for Default Judgment (D.I. 39) is DENIED and Defendants' Motion to Dismiss (D.I. 40) is GRANTED.

* * *

WHEREFORE, this 7th day of October 2026, IT IS **HEREBY ORDERED** that:

1. Plaintiff's Objections (D.I. 56) to the Order and Report and Recommendation (D.I. 55) are **OVERRULED**.
2. The Order and Report and Recommendation (D.I. 55) is **ADOPTED**.
3. Plaintiff's Request for Default Judgment (D.I. 39) is **DENIED**.
4. Defendants' Motion to Dismiss (D.I. 40) is **GRANTED** as follows:
   a. Count I of the Third Amended Complaint (D.I. 24) is **DISMISSED** with prejudice.
   b. Counts II-IV of the Third Amended Complaint (D.I. 24) are **DISMISSED** without prejudice.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE